UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

BRIAN JAMES WILSON

Case No. 5:14cr010-1

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of ____ is reduced to ____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical conditions, i.e. history of smoking, weakened immune system due to spleen removal, high blood pressure, sinus issues and a former collapsed lung, together with the risks associated with COVID-19, warrant compassionate release pursuant to 18 U.S.C. § 3582(c). While Defendant does have medical issues that put an individual at an increased risk of severe illness from COVID-19, e.g. history of smoking, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, those conditions no longer qualify as "extraordinary and compelling reasons" for compassionate release if the individual has been fully vaccinated against COVID-19; here, Defendant's medical records show that he has been fully vaccinated. See United States v. Goodwin, No. CR 411-348 (S.D. Ga. May 6, 2021). General concerns regarding COVID-19 alone do not qualify as "extraordinary and compelling reasons" warranting compassionate release. The Court concludes that Defendant has not met his burden to show an extraordinary and compelling reason to warrant compassionate release.

3

Even if the Court were to assume Defendant had met his burden to show an extraordinary and compelling reason for compassionate release, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the present case, Defendant burglarized the residence of his uncle, an employee of the U.S. Immigration and Customs Enforcement at the Federal Law Enforcement Training Center. Defendant stole several firearms and several loaded, high-capacity ammunition magazines. Defendant reported that he intended to sell the firearms so that he could purchase pills. In August 2014, pursuant to a written plea agreement, Defendant pleaded guilty to possession of stolen firearms. With a total offense level of 29 and a criminal history category of VI, Defendant's sentencing guideline range was 151 to 188 months' imprisonment. However, the statutorily-authorized maximum sentence of ten years was less than the minimum applicable guideline range, so Defendant's guideline term of imprisonment was 120 months'. In March 2015, the Court sentenced Defendant to 120 months' imprisonment. Currently, Defendant's projected release date is January 20, 2023, meaning he has about eighteen months left to serve. If Defendant were released now, he will have served well below his favorable statutory sentence. Defendant's criminal history is also concerning. He has at least eleven adult criminal convictions including one involving flight from police, two involving possession of drugs, one for burglary, and one for aggravated battery against another inmate. For most of these convictions, Defendant was sentenced to probation; indeed, he was on probation at the time of the underlying offense It appears Defendant's pasts criminal history did not deter him from committing another offense. Notably, Defendant has been sanctioned twice for his behavior while in federal custody. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

5

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

July 19, 2021

_____
UNITED STATES DISTRICT JUDGE

5